IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, § <br> EXXONMOBIL CANADA LTD., § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> § CIVIL ACTION NO. <br> POLYGON PNG L.P., BERNARD SELZ, § <br> SELZ FAMILY TRUST DTD 5/31/2011, § <br> JOHN J. MACK, PACIFIC LNG § <br> OPERATIONS PTE LTD., PEQUOT PNG § <br> OIL, INC., PRIORAT PARTNERS L.P., § <br> BRUCE E. HENDRY 2012 § <br> IRREVOCABLE TRUST, CVI § <br> INVESTMENTS, INC., § <br> § <br> Defendants. § | |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs Exxon Mobil Corporation and ExxonMobil Canada Ltd. (the "Non-signatories") file this Complaint seeking declaratory relief from this Court, declaring that the Non-Signatories are not required to participate in an arbitration based on an arbitration agreement to which they are not parties and to which the Non-Signatories never consented. Defendants Polygon PNG L.P., Bernard Selz, Selz Family Trust DTD 5/31/2011, John J. Mack, Pacific LNG Operations Pte ltd., Pequot PNG Oil, Inc., Priorat Partners L.P., Bruce E. Hendry 2012 Irrevocable Trust, and CVI Investments, Inc. (collectively, the "Investors") initiated an arbitration against, among others, the Non-signatories. The Non-signatories never signed the agreement with the arbitration clause, on which the arbitration and the Investors' claims are based. They never succeeded to it. They never otherwise consented to it. Because of the Non-signatories' lack of consent to anything—including to arbitration—no arbitrator has jurisdiction over the Non-signatories.

# I.
# NATURE OF THE PROCEEDING

1. On February 8, 2018, the Investors initiated an arbitration[1] against InterOil Corporation ("InterOil"), ExxonMobil Canada Holdings ULC ("EMCH"), and the Non-signatories. The Investors bring claims in respect of a certain "Amended and Restated Indirect Participation Interest Agreement" by and among InterOil Corporation and the Investors (Listed on Exhibit A) dated February 25, 2005 (as amended, the "IPI Agreement").[2] The IPI Agreement contains an arbitration clause requiring arbitration "between any of the parties hereto" of disputes, in Houston under the Commercial Rules ("Rules") of the American Arbitration Association ("AAA"). IPI Agreement, §§ 14.10(a)–(c).

2. The Non-signatories informed the Investors of these facts, including that: the Non-signatories did not sign the IPA Agreement; are not parties to the IPI Agreement; and are not otherwise obligated to arbitrate the claims "arising between the parties" to IPI Agreement. The Non-signatories further informed the Investors that EMCH is the successor in interest to InterOil.

3. InterOil was the original signatory and counterparty to the IPI Agreement, signed in February 2005. EMCH "amalgamated" (effectively merged) with InterOil under the Business Corporation Act of British Columbia on February 22, 2017. Thus, the Non-signatories were strangers to the Investors' relationship with InterOil for 12 years. As successor, only EMCH has agreed to arbitrate the Investors' claims with the Investors; the Non-signatories have not. The Investors, however, have not agreed to dismiss the Non-signatories from the Arbitration.

---

[1] *Polygon PNG L.P.; Bernard Selz; Selz Family Trust Dtd 5/31/2011; John J. Mack; Pacific LNG Operations Pte Ltd.; Pequot PNG Oil, Inc.; Priorat Partners L.P.; Bruce E. Hendry 2012 Irrevocable Trust; CVI Investments, Inc. v. InterOil Corporation; Exxon Mobil Corporation; ExxonMobil Canada Ltd.; ExxonMobil Canada Holdings ULC*, ICDR Case No. 01-18-0000-7023 (the "Arbitration"). The International Centre for Dispute Resolution ("ICDR") is a division of the American Arbitration Association ("AAA"). The Demand for Arbitration is attached herein as Exhibit 4 and the letter from the ICDR in respect of the same is attached as Exhibit 5.

[2] The Non-signatories have attached the IPI Agreement hereto as Exhibit 1.

2

4. The Non-signatories file this action seeking a declaration that the Non-signatories are not required to arbitrate the Investors' claims.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."). This case arises out of the Arbitration, which was commenced pursuant to the IPI Agreement. The IPI Agreement contains an "arbitration agreement . . . [that] falls under the Convention." 9 U.S.C. § 201. The arbitration agreement has a "reasonable relation with one or more foreign states." 9 U.S.C. § 202. For example, EMCH is a Canadian company. Federal courts have subject matter jurisdiction over an "action or proceeding falling under the Convention." 9 U.S.C. § 202; *see also Stemcor USA Inc. v. Cia Siderurgica do Para Cosipar*, 870 F.3d 370, 374, 376 n.4 (5th Cir. 2017).

6. The Court has personal jurisdiction over the Parties. By bringing this action in this Court, the Non-signatories have consented to this Court's jurisdiction for the purposes of this case. The Investors consented to this Court's jurisdiction by initiating the Arbitration, which is seated in Houston, within this District.

7. Venue is proper under 9 U.S.C. § 204 because the place of arbitration under the IPI Agreement is Houston, Texas. *See* 9 U.S.C. § 204 (stating venue is proper "in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States.").

## III.
## THE PARTIES

8. Exxon Mobil Corporation is a corporation organized and existing under the laws of New Jersey with its principal place of business in Texas.

9. ExxonMobil Canada Ltd. is a corporation organized and existing under the laws of Canada with its principal place of business in Halifax, Nova Scotia.

10. Polygon PNG L.P. is a limited partnership with its principal place of business is in George Town, Cayman Islands and an address at 399 Park Avenue, 22nd Floor, New York City, New York 10022. It is purportedly a party to the IPI Agreement.

11. Bernard Selz is an individual residing in New York City, New York and is purportedly a party to the IPI Agreement.

12. The Selz Family Trust DTD 5/31/2011 is a trust with an address at 1370 Avenue of the Americas, New York City, New York 10019. It is purportedly a party to the IPI Agreement.

13. John J. Mack is an individual residing at 6 Club Road, Rye, New York 10580 and is purportedly a party to the IPI Agreement.

14. Pacific LNG Operations Pte Ltd. is a company with its principal place of business at 350 Orchard Road, #15-08/10 Shaw House, Singapore 238868. Pacific LNG Operations Pte Ltd. and is purportedly a party to the IPI Agreement.

15. Pequot PNG Oil, Inc. a company with its principal place of business in George Town, Cayman Islands and an address at 77 Bedford Road, Katonah, New York 10536. Pequot PNG Oil, Inc. and is purportedly a party to the IPI Agreement.

16. Priorat Partners L.P. is a limited partnership organized under the laws of Singapore with its principal place of business at 350 Orchard Road, #15-08/10 Shaw House, Singapore 238868 and is purportedly a party to the IPI Agreement.

17. Bruce E. Hendry 2012 Irrevocable Trust is a trust with an address at 222 South Main Avenue, Sioux Falls, South Dakota 57014 and is purportedly a party to the IPI Agreement.

18. CVI Investments, Inc. is a company with its principal place of business at South Church Street, Ugland House, PO Box 309GT, George Town, KY1-1104, Cayman Islands, and an address at 401 City Avenue, Suite 220, Bala Cynwyd, Pennsylvania 19004. CVI Investments, Inc. is purportedly a party to the IPI Agreement.

## IV.
## FACTUAL ALLEGATIONS

19. In 2005, InterOil entered into the IPI Agreement (Exhibit 1) with certain investors whose interests have now purportedly passed on to the Investors. The IPI Agreement allows the Investors to indirectly participate in InterOil's exploration of various oil and gas interests in Papua New Guinea.

20. Most of Investors' claims arise from purported breaches of the IPI Agreement that occurred before 2015. Thus, most of the claims relate to InterOil's actions before any ExxonMobil affiliate acquired any interest in InterOil, which did not occur until February of 2017.

21. On February 22, 2017, a Canadian company named ExxonMobil Canada Holdings ULC acquired all of InterOil's outstanding shares and then amalgamated with InterOil under the law of British Columbia, Canada. This process formed a new, amalgamated entity, which retained the name Exxon Mobil Canada Holdings ULC—EMCH. *See* Certificate of Amalgamation for ExxonMobil Canada Holdings ULC (Exhibit 2). As a part of the amalgamation with InterOil, EMCH acquired all of InterOil's rights and obligations. British Columbia Business Corporations Act, S.B.C. 2002, §§ 279, 282 (Exhibit 3). Under this law, EMCH is the successor in interest to InterOil's rights and obligations and is—following the amalgamation—the only entity of record

in the applicable Canadian Registrar. InterOil continues in existence only as a part of EMCH. *Id.* Thus, EMCH is the proper party to IPI Agreement and the Arbitration.

22. The Non-signatories are not parties to the IPI Agreement at all. They have not agreed to arbitrate anything with respect to the IPI Agreement with the Investors. The Non-signatories are also not successors in interest to InterOil.

23. On February 8, 2018, the Investors initiated the Arbitration against InterOil, EMCH, and the Non-signatories, seeking to enforce the alleged rights under the IPI Agreement. The Investors allege that all the harm occurred well before the amalgamation. *See* Demand for Arbitration (Exhibit 4).

24. The Investors are aware that the Non-signatories are not parties to the IPI Agreement and are not otherwise obligated to arbitrate "any action, dispute, claim or controversy of any kind now existing or hereafter arising <u>between any of the parties hereto</u> in any way arising out of, pertaining to or in connection with" the IPA Agreement," because EMCH is the successor in interest to InterOil—the signatory and counterparty to the IPI Agreement. IPA Agreement, § 14.10(a) (emphasis added).

25. On March 20, 2018, the Non-Signatories filed this action seeking a declaration that the Non-Signatories do not have to arbitrate the Investors' claims under the IPI Agreement.

## V.
## COUNT I – DECLARATORY RELIEF

26. The Non-signatories re-allege and incorporate the foregoing allegations as if fully set forth herein.

27. The Investors initiated the Arbitration against the Non-signatories, InterOil, and EMCH for claims "between any of the parties to" the IPI Agreement, which contains an arbitration agreement.

28. The Non-signatories did not execute an agreement to arbitrate with Investors, are not successors in interest to any agreement to arbitrate the Investors' claims, and are not otherwise required to arbitrate with the Investors.

29. The Non-signatories have no obligation to arbitrate the Investors' claims "between the parties" to the IPI Agreement, because the Non-signatories have not agreed to arbitrate anything at all with the Investors. Investors have no "clea[r] and unmistakabl[e]" evidence that the Non-signatories agreed to arbitrate anything—including arbitrability—with the Investors. *See First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995) (citing *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986)).

30. There exists a real, substantial, and immediate controversy over the parties' rights, duties, and liabilities. A declaration from this Court will resolve this controversy. The Non-signatories therefore respectfully request that this Court, under 28 U.S.C. §§ 2201-02, declare:

> Exxon Mobil Corporation and ExxonMobil Canada Ltd. are not required to arbitrate any claims of any nature whatsoever, or having any relationship whatsoever with the IPI Agreement, including without limitation any claim of arbitrability, brought by Polygon PNG L.P., Bernard Selz, Selz Family Trust DTD 5/31/2011, John J. Mack, Pacific LNG Operations Pte ltd., Pequot PNG Oil, Inc., Priorat Partners L.P., Bruce E. Hendry 2012 irrevocable Trust, and CVI Investments, Inc; and

> Exxon Mobil Corporation and ExxonMobil Canada Ltd. are not required to, and cannot be required to, participate in any way in the Arbitration.

## VI.
## PRAYER FOR RELIEF

Based on the above, the Non-signatories respectfully request that the Court:

a. Declare that Exxon Mobil Corporation and ExxonMobil Canada Ltd. are not required to arbitrate any claims of any nature whatsoever, or having any relationship whatsoever with the IPI Agreement, including without limitation any claim of arbitrability, brought by Polygon PNG L.P., Bernard Selz, Selz Family Trust DTD 5/31/2011, John J. Mack, Pacific LNG Operations Pte ltd., Pequot PNG Oil, Inc., Priorat Partners L.P., Bruce E. Hendry 2012 irrevocable Trust, and CVI Investments, Inc;

b. Declare that Exxon Mobil Corporation and ExxonMobil Canada Ltd. are not required to, and cannot be required to, participate in any way in the Arbitration; and

c. Grant any such other relief in law or equity that the Non-signatories may be justly entitled.

Dated: March 20, 2018                                                             Respectfully submitted,

/s/ *James Lloyd Loftis*
James Lloyd Loftis
Texas Bar No. 12491210
Federal Bar No. 29739
Timothy J. Tyler
Texas Bar No. 00791833
Federal Bar No. 20496
Quentin L. Smith
Texas Bar No. 24075096
Federal Bar No. 1475203
Caroline Stewart
Texas Bar No. 24098477
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel. 713.758.1024
Fax 713.615.5143
jloftis@velaw.com
ttyler@velaw.com
qsmith@velaw.com
cstewart@velaw.com

Jack M. Balagia
Texas Bar No. 01610500
459 Westminster Drive
Houston, Texas 77024
Jack.balagia@gmail.com

8

Counsel for Exxon Mobil Corporation and ExxonMobil Canada Ltd.

Case 4:18-cv-00884   Document 1   Filed on 03/20/18 in TXSD   Page 9 of 14

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Plaintiffs' Complaint for Declaratory Relief was served via the District Court's electronic filing system on March 20, 2018, upon the following counsel:

> Harry Susman
> Matthew Behncke
> Cindy Dinh
> Susman Godfrey L.L.P
> 1000 Louisiana St.
> Suite 5100
> Houston, Texas 77002

*/s/ James L. Lofis*
James L. Loftis

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, EXXONMOBIL CANADA LTD., <br><br>Plaintiffs, <br><br>vs. <br><br>POLYGON PNG L.P., BERNARD SELZ, SELZ FAMILY TRUST DTD 5/31/2011, JOHN J. MACK, PACIFIC LNG OPERATIONS PTE LTD., PEQUOT PNG OIL, INC., PRIORAT PARTNERS L.P., BRUCE E. HENDRY 2012 IRREVOCABLE TRUST, CVI INVESTMENTS, INC., <br><br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. |

**PLAINTIFFS' NOTICE OF INTENT TO RELY ON
FOREIGN LAW UNDER FRCP 44.1**

Plaintiff gives notice that it intends to raise issues of the law of British Columbia, Canada, regarding the law of amalgamation.

Dated this 20th day of March, 2018

EXXON MOBIL CORPORATION AND EXXON MOBIL CANADA LTD.,

Plaintiff.

By: /s/ *James Lloyd Loftis*
James Lloyd Loftis
Texas Bar No. 12491210
Federal Bar No. 29739
Timothy J. Tyler
Texas Bar No. 00791833
Federal Bar No. 20496
Quentin L. Smith
Texas Bar No. 24075096

Federal Bar No. 1475203
Caroline Stewart
Texas Bar No. 24098477
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Tel. 713.758.1024
Fax 713.615.5143
jloftis@velaw.com
ttyler@velaw.com
qsmith@velaw.com
cstewart@velaw.com

Jack M. Balagia
Texas Bar No. 01610500
459 Westminster Drive
Houston, Texas 77024
Jack.balagia@gmail.com

Counsel for Exxon Mobil Corporation and
ExxonMobil Canada Ltd.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, EXXONMOBIL CANADA LTD., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. |
| POLYGON PNG L.P., BERNARD SELZ, SELZ FAMILY TRUST DTD 5/31/2011, JOHN J. MACK, PACIFIC LNG OPERATIONS PTE LTD., PEQUOT PNG OIL, INC., PRIORAT PARTNERS L.P., BRUCE E. HENDRY 2012 IRREVOCABLE TRUST, CVI INVESTMENTS, INC., | § § § § § § § § § | |
| Defendants. | § | |

## [PROPOSED] ORDER

Having reviewed Plaintiffs' Complaint for Declaratory Relief filed by Exxon Mobil Corporation and ExxonMobil Canada Ltd. (ECF No. 1), and the Defendants' response thereto (ECF No. [ ]), IT IS ORDERED that the Plaintiffs' request for a declaration is hereby GRANTED. The Court hereby declares that Exxon Mobil Corporation and ExxonMobil Canada Ltd. are not required to arbitrate any claims of any nature whatsoever, or having any relationship whatsoever with the IPI Agreement, including without limitation any claim of arbitrability, brought by Polygon PNG L.P., Bernard Selz, Selz Family Trust DTD 5/31/2011, John J. Mack, Pacific LNG Operations Pte ltd., Pequot PNG Oil, Inc., Priorat Partners L.P., Bruce E. Hendry 2012 irrevocable Trust, and CVI Investments, Inc.

SIGNED at Houston, Texas on the ___ day of _____, 2018.

						_____
						UNITED STATES DISTRICT JUDGE